Milk Products, S. A., Plaintiff and Appellee, *v.* Secretary of the Treasury, Defendant and Appellant.

No. 11639. Submitted January, 15 1957.—Decided June 28, 1957.

*José Trías Monge, Attorney General,* and *J. C. Santiago Matos, Assistant Attorney General,* for appellant. *R. Rivera Zayas, G. Rivera Cestero, Milton F. Rúa,* and *A. Segurola de Diego* for appellee.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Milk Products, S. A. obtained from the Secretary of the Treasury an extension of time to file its income tax return for the taxable year ending September 30, 1952—which it was bound by law to file not later than December 15 of that year—provided it filed a provisional return on or before December 25 and the final return on or before January 15, 1953.

In the document authorizing the extension of time, the Secretary of the Treasury set forth, in addition to the condition above mentioned, the following:

"This extension of time does not operate to extend the time for the payment of the tax or any instalment thereof. It is necessary to enclose with the provisional return a sum equal to or greater than one half of the tax resulting from the final return. Should a smaller amount be enclosed, the right to pay the same in two instalments shall be forfeited and the unpaid balance shall bear interest at the rate of 1 per centum per month as of the date prescribed for the payment of the first instalment to the date such balance is paid."

On December 24, 1952, the taxpayer filed the provisional return required together with the sum of $16,519.14, *i. e.,* one half of $33,038.28, or the tax estimated in such provisional return.

On March 15, 1953, after the Secretary of the Treasury granted another extension of time, the taxpayer filed its final return showing a tax of $36,712.87. On that date it paid the sum of $1,837.30, or the difference between one half of the tax estimated in its provisional declaration—$16,519.14—and one half of the tax declared on the final return—$18,356.44—plus the sum of $55.11 interest at 1 per centum per month on such difference, counted from December 15, 1952 to the filing of the final return.

On June 15, 1953, it paid to the Treasurer the sum of $18,356.44 covering the second instalment of the tax declared.

On December 16, 1953, the Secretary of the Treasury required the taxpayer to pay the sum of $1,134.19 interest, which sum, together with the sum of $55.11 paid on March 15, also on account of interest, represented the total amount of interest which in the opinion of the Secretary it was bound to pay on the total amount of tax declared in the final return, excluding that already paid, computed as of December 15, 1952.

On March 26, 1954, the Secretary, after overruling the objections set up by the taxpayer to the first demand of payment made by the former, gave it notice of the final demand to pay. Milk Products, S. A. filed the present suit in which it challenges the decisions of the Secretary of the Treasury.

The Secretary maintained in the lower court, as he does now before this Court, that since the taxpayer failed to pay at least one half of the tax "resulting from its final return" on December 24, 1952, when it filed the provisional return as a condition to the extension of time granted —it was granted until January 15, 1953 to do so and by virtue of another extension until the 15th day of the following March—it forfeited the right to pay the tax in two instalments; and that, therefore, since the full payment of the tax fell due December 15, 1952, interest accrued on the unpaid sum as of that date.

The lower court rendered judgment holding that the collection of the interest claimed by the Secretary did not lie. However, since under the terms of the extension granted to the taxpayer *to file* its tax return the Secretary also expressly extended the date for the payment of the first instalment of the tax to December 25, 1952—which is admitted by the Secretary in his brief before us—the court also held that the first instalment of the tax declared earned interest at 6 per centum from December 15 to 24, and demanded the taxpayer to pay such interest with the corresponding adjustment, since it had already paid part thereof.

We need not examine here the various assignments of error made by the Secretary of the Treasury in support of his appeal. Under the facts of this case, his claim can not prosper. The sole ground for our decision, however, is the following: The taxpayer, by its failure to pay the full amount covering one half of the tax resulting from its final return, ran the risk of forfeiting the right to pay the tax in two equal instalments granted by § 53 (*b*) (1) of the Income Tax Act of 1924, which applies here. However, the failure on the part of the Secretary to notify and demand of him the whole amount of the tax, as required by the law—§ 53 (*b*) (2)—whenever a payment is not made on the due date, defeats the claim for interest on the full amount of the tax, since the demand is the culminating act which actually avoids the right of a taxpayer to pay the tax in two equal instalments, and, hence, it is the starting point for the accrual of interest on the whole amount due. As long as such demand is not made, this right subsists. *Internal Revenue Cumulative Bulletin*, No. 3, July-Dec. 1920, pp. 286–88. 9 Mertens, *Law of Federal Income Taxation*, § 49.139, p. 119, note 64. See art. 323 of the Regulations of the Treasurer, and Mertens, *op. cit.*, § 49.145, p. 124.

Therefore, since neither the notice nor the demand required by law was issued, the collection of interest claimed by the Secretary of the Treasury does not lie. The addi-

tional pronouncement of the judgment is correct in the sense that plaintiff is bound to pay, for the extended period between December 15 and 24, 1952, interest at 6 per centum on the sum of $18,356.44, covering the first instalment of the tax returned and not paid in full, and that the corresponding adjustment should be made in view of the fact that the taxpayer had already paid, on that account, interest at 1 per centum per month on the difference of $1,837.30 which it failed to pay timely.

The judgment will be affirmed.

Mr. Justice Marrero did not participate herein.